101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Giovanni RODRIGUEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2636.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Giovanni Rodriguez, pro se, Fairton, New Jersey.
 Appearing for Appellee: Andrew B. Lachow, Assistant United States Attorney, Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of New York (Ward, Judge).
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Giovanni Rodriguez, pro se, appeals from Judge Ward's order denying his petition, pursuant to 28 U.S.C. § 2255, to vacate his federal sentence and set aside his guilty plea. On appeal, Rodriguez makes essentially three claims of ineffective assistance of counsel. He claims that his counsel was ineffective because: (i) counsel failed to investigate possible defenses; (ii) counsel "tricked" Rodriguez into pleading guilty by not advising him that his distribution of firearms did not, as a matter of law, make him guilty of being a member of the conspiracy to distribute heroin; and (iii) counsel failed to challenge the sentence imposed by the court. Each of these claims is groundless.
 
 
 4
 Rodriguez cannot demonstrate that his attorney's performance fell below an objective standard of reasonableness as required by Strickland v. Washington, 466 U.S. 668 (1984). His argument that counsel should have investigated possible defenses and taken the case to trial is baseless given Rodriguez's utter failure to demonstrate that any such defenses were available. Moreover, advising a defendant to plead guilty, and thereby possibly avoid a harsher sentence, is a strategic decision that does not constitute a basis for a claim of ineffective assistance. See United States v. Eisen, 974 F.2d 246, 265 (2d Cir.1992), cert. denied, 507 U.S. 998 (1993) (strategic decisions by trial counsel do not amount to ineffective assistance); Mitchell v. Scully, 746 F.2d 951, 954-55 (2d Cir.1984) (failure to inform defendant of an available defense is not ineffective assistance where there was "exceedingly little likelihood" that the defense would succeed and greater likelihood that it would expose defendant to greater punishment than pleading guilty), cert. denied, 470 U.S. 1056 (1985).
 
 
 5
 Rodriguez's claim that his counsel "tricked" him into pleading guilty is also without merit. Rodriguez's claim that his attorney failed to explain to him "the right he was waiving with acceptance of the guilty plea" is directly refuted by Rodriguez's own statements at the plea allocution. Upon questioning from Judge Ward, Rodriguez acknowledged that his counsel had explained to him the law of conspiracy and the fact that "even though he was only involved in the gun transactions, he is still legally responsible for the drug transactions." Rodriguez clearly admitted that he was aware that the organization to which he was supplying firearms was distributing heroin. A defendant's statements at a plea allocution "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), and Rodriguez has failed to present a credible reason why we should disregard those statements now.
 
 
 6
 Finally, Rodriguez's contention that his counsel failed to properly object to the sentence imposed by Judge Ward is meritless. Indeed, counsel for Rodriguez successfully requested a downward departure and Rodriguez received a sentence of the mandatory minimum sentence of ten years incarceration--a lower sentence than the one recommended by the probation department in the presentence report.
 
 
 7
 We therefore affirm.